IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| JAIMERE PROSSER | ) | |

### ORDER

Defendant Jaimere Prosser filed a "Preliminary Motion to Suppress" and a "Preliminary Motion to Dismiss."[1] In the "Preliminary Motion to Suppress," Defendant requests an order that will suppress "evidence, substances, tangible items, including any statements made by the Defendant to Government agents and any oral or wire communications intercepted illegally by wiretap or other electronic device, which was obtained in violation of Defendant's Fourth, Fifth or Sixth Amendment rights, or in contravention of 18 U.S.C. § 2510 et seq." (Doc. no. 156, p. 1). Notably, although there is no specific factual detail supporting the motion, Defendant requests that the Court hold an evidentiary hearing on the motion (id. at 1-2), presumably to develop sufficient facts to support Defendant's general allegations. In the "Preliminary Motion to Dismiss," Defendant concedes that he has identified no grounds for dismissal, but he filed the motion "to preserve his right to argue for dismissal of the indictment or any counts therein should legitimate grounds become known after the due date for filing pretrial motions." (Doc. no. 154, p. 1).

---

[1] The Court is aware that Defendant has various other pre-trial and discovery motions pending. Those motions will be addressed, as necessary, by separate order.

On June 26, 2009, the Court entered an Order extending the standard 10-day deadline for filing pre-trial motions for all Defendants in this multi-defendant drug conspiracy case. (Doc. no. 56). The Court reasoned that an extension until August 10, 2009 to file motions was appropriate because of the voluminous discovery that included over 2,400 pages of documentary evidence, ten compact discs containing recordings of numerous intercepted wire communications, and one compact disc containing photographs from searches. (Id. at 1). However, in granting the extension, the Court stated, "All counsel are specifically cautioned that because of this extension, 'preliminary' motions to suppress, sever, or dismiss will not be looked upon favorably. All motions must comply with Loc. Crim. R. 12.1, including the provisions concerning affidavits and citations to record evidence." (Id. at 2). These preliminary motions filed by Defendant on August 10, 2009 in no way comply with Loc. Crim. R. 12.1, as they were filed without an affidavit in support from Defendant and without any evidentiary support, despite the fact that the extensive discovery described above has already been provided by the government. Therefore, these motions are **NULLITIES**. (Doc. nos. 154, 156). Should Defendant desire to file a particularized motion at a time subsequent to this Order, he must adequately explain his failure to timely file the same.[2]

SO ORDERED this 18th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] A motion may not be filed outside the deadlines set by the Court except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e).