IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-073 |
| | * | |
| JAIMERE PROSSER | * | |

O R D E R

Presently before the Court is Defendant's Motion for Relief under Federal Rule of Civil Procedure 60(b)(4) whereby he asserts that the judgment against him is "void" because he "was convicted of an unconstitutional law that has been deemed not just unconstitutional but racially discriminatory by Congress."[1] (Doc. 440.) Defendant pled guilty to distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Doc. 285.) Defendant was then sentenced to 300 months imprisonment. (Doc. 328.) Defendant did not appeal.

As best the Court can discern, Defendant requests relief under Rule 60(b), a civil rule, in his criminal case. However, "the defendant cannot challenge [criminal judgments] at issue under the Federal Rules of *Civil* Procedure." United States v. Mosavi, 138

---

[1] A number of times throughout his motion, Defendant refers to the Fair Sentencing Act. To the extent Defendant seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2) on the basis that Amendment 782 to the United States Sentencing Guidelines has revised the guidelines applicable to drug trafficking offenses, such motion is **DEFERRED**. If Defendant is entitled to a sentence reduction as a result of amendments to the United States Sentencing Guidelines, the Court will make such a reduction *sua sponte*.

F.3d 1365, 1366 (11th Cir. 1998) (emphasis in original); see also United States v. Whisby, 323 F. App'x 781, 782 (11th Cir. 2009) ("[W]e have held that Rule 60(b) does not provide relief from a judgment in a criminal case."). In fact, Federal Rule of Civil Procedure 1 clearly states that the rules govern only "civil actions and proceedings." FED. R. CIV. P. 1. Thus, to the extent Defendant seeks to attack the judgment under Rule 60, such a claim is **DENIED**.

Even so, "[f]ederal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Here, Defendant attempts to argue that the judgment against him was void. Thus, the only possible relief Defendant could seek would be under 28 U.S.C. § 2255, which covers claims of a "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Defendant has not yet filed a § 2255 motion, but his present motion may be recharacterized as such. Under Supreme Court precedent, this type of recharacterization is only permissible if the Court first "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." See Castro v. United States, 540 U.S. 375, 377 (2003).

In accordance with Castro, Defendant is hereby forewarned that the Court intends to recharacterize his motion as a § 2255 motion. This recharacterization will subject Defendant to the statutory restriction on "second or successive" § 2255 motions. See 28 U.S.C. §§ 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Furthermore, the Court **DIRECTS** Defendant to notify the Court within **THIRTY (30) DAYS** from the date of this Order whether he contests the recharacterization of his letter, whether he wishes to withdraw the letter, or whether he wishes to amend the letter in order to assert any other § 2255 claims.[1] See Castro, 540 U.S. at 382. If Petitioner fails to respond to this Order, his letter will be recharacterized as a § 2255 motion, and the claims set forth therein will be addressed under the standards applicable to § 2255 motions. See id.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. Defendant should be aware that if he decides to amend his motion, his amended motion will not be read in conjunction with his original motion, but rather will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Therefore, if Defendant decides to amend his motion, he should set forth *all* his § 2255 claims on the attached form.

3